MITCHELL RAPOPORT, Doing Business under the Name of PARA-
MOUNT BAND, Appellant, *v.* UNIVERSAL PICTURES CORPORATION
and/or Another, Respondents.

First Department, May 29, 1931.

*Maurice Smith* of counsel [*Sydney Cutler* with him on the brief;
*Epstein & Smith*, attorneys], for the appellant.

*Roswell P. C. May* of counsel [*Willard S. McKay*, attorney],
for the respondent.

TOWNLEY, J. This action is by an orchestra leader against the
defendant, an owner and operator of numerous moving picture
theatres. The complaint alleges that the defendant made an
agreement with the plaintiff on October 20, 1926, engaging the
plaintiff and his orchestra to perform for four weeks at the American
Theatre in Denver and for a further period of four weeks at the
Liberty Theatre in Kansas City. The testimony shows that a
booking agent named Tyrrell engaged the plaintiff by wire to play
for eight weeks at $810 a week. Plaintiff, who was in Akron, went
to Chicago, saw the agent, and demanded his authority. He was
shown a telegraphic confirmation from a New York booking agent
named Batchelor. Following this interview, the plaintiff received

carfare for himself and his orchestra from the defendant's local manager in Denver with whom he had had no direct dealings concerning the hiring. Plaintiff and his orchestra went to Denver and appeared in defendant's theatre for a period of three weeks, during which time they received the compensation stipulated in their contract from defendant's manager. While they were in Denver, one Carrier, concededly the general manager of all of defendant's theatres, appeared and was shown by plaintiff the telegrams sent by Batchelor and Tyrrel. He said he was satisfied and suggested that he might arrange for the plaintiff to stay the whole eight weeks in Denver instead of going to Kansas City.

After three weeks, plaintiff was dismissed and the defendant now contends that no authority existed for his employment for more than a week at a time. There was no testimony of any arrangement other than that made with the booking agents. Confirmation of the authority of these agents to act for the defendant may be found in the fact that following this arrangement the defendant's manager sent plaintiff money to cover the necessary traveling expenses for himself and his orchestra and paid them the stipulated salary during the three weeks that they performed there. The authority of these agents is further confirmed by the conversation with the defendant's general manager, who, when shown the telegrams upon which the plaintiff relied as authority for his appearance, approved them as authorized by the defendant. Upon this proof questions of fact were presented as to authority for the original hiring and as to its subsequent ratification by the defendants. (Mecham Law of Agency [2d ed.], § 471; *Gillett* v. *Whiting*, 141 N. Y. 71; *Hopkins* v. *Clark*, 7 App. Div. 207, 213.) This question should have been submitted to the jury.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., O'MALLEY and SHERMAN, JJ., concur; MERRELL, J., dissents.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.